IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2: 09-cr-00094 |
| | ) |
| DOUGLAS YOHDALE COCHRAN | ) |

**MEMORANDUM OPINION**

Before the Court is the Sentencing Memorandum filed by Defendant Douglas Yohdale Cochran (*Document No. 54*). The issue raised by Defendant is straightforward: whether the Fair Sentencing Act of 2010 ("FSA"), Pub. L. 111-220, 124 Stat. 2372 (2010), should be applied to his sentencing. This is the third time this Court has been called upon to decide this issue. In two separate cases, not related to the case *sub judice,* this Court has found that the sentencing provisions in effect on the date of Defendant's offense must be applied in determining an appropriate sentence. Defendant requests that the Court reconsider its previous decisions and sentence him under the FSA. Although Defendant's counsel advances compelling arguments, the same arguments were previously given due consideration, but not adopted by this Court.

On March 18, 2009, a federal grand jury in the Western District of Pennsylvania returned a two-count indictment which charged Defendant with distribution and possession with intent to distribute a quantity and mixture of a substance containing a detectable amount of cocaine, on or about August 27, 2008, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 1) and with distribution and possession with intent to distribute five (5) grams or more of cocaine base, commonly known as crack, on or about August 27, 2008, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (Count 2).

On November 17, 2010, Defendant appeared before this Court and pled guilty to Count 2 of the Indictment pursuant to a written plea agreement with the Government. As part of that

1

agreement, the parties stipulated that the type and quantity of controlled substance attributable to Defendant for purposes of § 2D1.1 of the Sentencing Guidelines is more than 28.2 grams of cocaine and 8.7 grams of cocaine base (crack).

The FSA, enacted on August 3, 2010, reduces penalties for crack cocaine offenses. Under the statutory amendment to 21 U.S.C. § 841(b)(1)(B)(iii) that is relevant to Defendant's crime, the amount of cocaine base possessed necessary to trigger a mandatory minimum term of imprisonment of not less than five years has been increased from 5 grams to 28 grams. The FSA further directed the United States Sentencing Commission to review and amend within ninety (90) days the advisory guidelines to account for the sentencing reductions . On November 1, 2010, the relevant amendments to the sentencing guidelines became effective.

Defendant argues that "based upon federal statutes and relevant case law, the FSA properly prevails over the Saving Statute[1] and should apply to his case." Memo. at 3. In support of his position, Defendant cites opinions from thirty-eight (38) United States district courts throughout the country which have applied FSA's mandatory minimums to not-yet-sentenced defendants, including one decision from a district court in the Eastern District of Pennsylvania.

The Defendant recognizes that ten (10) United States district courts have <u>not</u> applied FSA's mandatory minimums to all not-yet-sentenced defendants, including three district courts

---

[1] The general savings statute, 1 U.S.C. § 109, provides:

The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

from the Western District of Pennsylvania[2] and one from the Middle District of Pennsylvania. Further, as Defendant acknowledges, the two appellate courts which have considered the issue, the Sixth and Eleventh Circuits, have held that the Saving Clause precludes application of the FSA to cases pending at the time of its enactment. *United States v. Gomes*, 621 F.3d 1343 (11th Cir. 2010); *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010). The Court of Appeals for the Third Circuit has not yet considered the issue.

The government opposes the application of the FSA to the sentencing of this Defendant. *See* Plea Agreement wherein the parties stipulated that Defendant reserved his right to argue to the Court that the FSA is retroactive, but that the government will argue that the FSA is not retroactive.

As noted *supra*, this Court on two separate occasions, as well as two sister courts in the Western District of Pennsylvania, has recently considered this very issue. S*ee United States v. Gadson,* No. 2011 WL 542433, 2:08-cr-248 (W.D. Pa. Feb. 08, 2011) (McVerry, J.) and *United States v. Burgess,* 2010 WL 5437265, No. 2:09-cr-150 (W.D. Pa. Dec. 27, 2010) (McVerry, J.); *United States v. Crews*, No. 2:06-cr-418, --- F.Supp.2d ---, 2010 WL 5178017 (W.D. Pa. Dec. 22, 2010) (Conti, J.); and *United States v. Dickey*, No. 3:09-cr-34, --- F.Supp.2d ---, 2011 WL 49585 (W.D. Pa. Jan. 4, 2011) (Gibson, J.). The Court notes the thorough and well reasoned opinion in *Crews*, where Judge Conti considered the decision of *United States v. Douglas,* No. 09-202, 2010 WL 4260221 (D.Me. Oct. 27. 2010) (which held that the FSA applies retroactively

---

[2] Although not included in Defendant's Sentencing Memorandum, on February 8, 2011, this Court issued a Memorandum Opinion in *United States v. Gadson*, No. 2:08-cr-248, in which it adopted and incorporated the Memorandum Opinion in the case of *United States v. Crews* and its own Memorandum Opinion in the case of *United States v. Burgess* and found that the statutory provisions in effect on the date of Defendant's offense must be applied in determining an appropriate sentence.

to all defendants sentenced after the effective date of the Act), in light of the ruling of the United States Court of Appeals for the Third Circuit in *United States v. Jacobs*, 919 F.2d 10 (3d Cir. 1990). In declining to retroactively apply the FSA, the *Crews* court highlighted our appellate court's clear holding in *Jacobs* that congressional intent cannot be considered when a repealing or amending statute does not expressly provide for retroactive effect. *Crews*, 2010 WL 5178017, at *4; *see also Jacobs*, 919 F.2d at 13 ("There is nothing in the saving statute that directs the courts to evaluate the significance Congress attached to a statutory amendment in determining whether the saving statute applies.")

In *Jacobs*, the Court of Appeals considered whether a defendant was "eligible for probation based on the offense classification in effect at the time she committed the offense or at the time she was sentenced." *Jacobs*, 919 F.2d at 11-12. In that case, there had been an ameliorative statutory amendment to the offense classification after the defendant committed the offense that subsequently made her eligible for parole. In reversing the district court's retroactive application of the amended statute, the Court of Appeals reasoned that "the saving statute [1 U.S.C. § 190] mandates that probation eligibility be determined according to the statutes in effect at the time of the commission of the offense." *Id.* at 12. The Court of Appeals further held:

> The plain language of the saving statute indicates that it prevents statutory amendments from affecting penalties retroactively, even if they do so indirectly. *See* 1 U.S.C. § 109 ("The repeal of any statute shall not have the *effect* to release or extinguish any penalty, forfeiture, or liability...." (emphasis added)).

*Id*. Notwithstanding Defendant's well-noted position and the impressive effort and attention afforded to this issue by the Maine district court in *Douglas*, this Court cannot justify departing from applicable Third Circuit precedent, the ruling of fellow United States District Court Judges in the Western District of Pennsylvania, nor its own previous rulings on this issue.

4

The Court further notes the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*, and its interplay with the FSA. Under the Sentencing Reform Act, sentencing courts are instructed to follow the factors set forth in 18 U.S.C. § 3553(a) in imposing sentence. Such consideration includes, *inter alia*:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> ...
>
> (4)  the kinds of sentence and the sentencing range established for--
>
> (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>
> > (i)  issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> >
> > (ii)  that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; ...

18 U.S.C. § 3553(a). On one level, this would appear to create an inconsistency between a court's determination that the statutory amendments of the FSA are not retroactive, and therefore would not be considered in determining a sentence, while the subsequent amendments to the sentencing guidelines brought about by the FSA should be considered. The Court finds no such inconsistency. More particularly, the Court notes that 18 U.S.C. § 3553(a)(3) requires a court to consider "the kinds of sentences available." In this case, the kind of sentence available is that as defined by the applicable statute, 21 U.S.C. § 841(b)(1)(B)(iii), at the time the crime was committed. It is in combination with the kinds of sentences available for the underlying offense that the sentencing guidelines effective at the time of sentencing are considered. To the extent that

5

the November 1, 2010 amendments to the sentencing guidelines relate to Defendant, same will be considered. However, the November 1, 2010 amendments of the sentencing guidelines do not supersede the applicable statutory language of 21 U.S.C. § 841(b)(1)(B)(iii), specifically a mandatory minimum sentence.

In sum, for the reasons hereinabove stated, the Court adopts and incorporates the December 20, 2010, Memorandum Opinion in the case of *United States v. Crews*, and its own Memorandum Opinions in the cases of *United States v. Burgess* and *United States v. Gadson*, and finds that the statutory provisions in effect on the date of Defendant's offense (August 27, 2008) must be applied in determining an appropriate sentence. The sentencing hearing will proceed on **March 25, 2011 at 9:30 a.m.**, in accordance with this ruling.

So **ORDERED** this 16th day of March, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Charles A. Eberle,
Assistant U.S. Attorney
Email: charles.eberle@usdoj.gov

Tara I. Allen,
Assistant Federal Public Defender
Email: Tara_Allen@fd.org